UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. PANSIER and
JOAN R. PANSIER,

        Appellants,

        v.                                    Case No. 20-C-221

PATRICK LAYNG,

        Appellee.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

On February 12, 2020, Appellants Gary and Joan Pansier filed a notice of appeal seeking review of the United States Bankruptcy Court for the Eastern District of Wisconsin's January 17, 2020 order granting Appellee United States Trustee for Region 11 Patrick Layng's motion for summary judgment and denying Appellants' discharges pursuant to 11 U.S.C. § 727(a)(2) and § 727(a)(4)(A). Appellee filed a motion to dismiss, asserting that this court lacks jurisdiction over Appellants' untimely appeal. For the following reasons, Appellee's motion to dismiss will be granted and the appeal will be dismissed.

## BACKGROUND

Appellants filed a voluntary motion for relief under Chapter 7 of the Bankruptcy Code on March 19, 2018. *See* Case No. 18-br-22297 (E.D. Wis. Bankr.). Appellee initiated an adversary proceeding seeking a judgment under 11 U.S.C. § 727(a) that Appellants would not obtain a discharge of their debts. *See* Case No. 18-ap-2222 (E.D. Wis. Bankr.). Appellee moved for summary judgment seeking the denial of discharge for concealing property of the estate, for failing to preserve records, for making false oaths or accounts, and for failing to satisfactorily

explain the loss of assets. On January 17, 2020, the bankruptcy court granted Appellee's motion and denied Appellants' discharges. The bankruptcy court administratively closed the adversary case on February 6, 2020. On February 12, 2020, Appellants filed their notice of appeal.

## ANALYSIS

Under 28 U.S.C. § 158, a party may appeal the final orders of a bankruptcy court to an appropriate district court. Section 158 provides that "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002 states that, except for certain limited exceptions, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Appellee asserts that Appellants' appeal is untimely and must therefore be dismissed because Appellants filed their notice of appeal 26 days after the bankruptcy court entered its January 17, 2020 order and 12 days after the notice of appeal deadline.

Appellants argue that the 14-day deadline is a non-jurisdictional claim-processing rule. But as the Seventh Circuit has recognized, "the 14-day limit in Rule 8002(a) is jurisdictional." *See In re Sobczak-Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016) (citations omitted). The *Sobczak-Slomczewski* court explained that, "[w]hile the specific time period is found in a bankruptcy rule, the statutory grant of jurisdiction in 28 U.S.C. § 158 limits appeals to those made in the time limits prescribed in Rule 8002(a)." *Id.* at 432. Because "the 14-day deadline to file a notice of appeal is rooted in the jurisdiction granting statute, 28 U.S.C. § 158, that expressly includes a timeliness condition," the court held that an appellant's "failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *Id.*

2

Appellants assert that *Sobczak-Slomczewski* cannot be reconciled with the Supreme Court's recent decision in *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017). Yet, courts have found that "*Hamer* changes little in how the Supreme Court analyzes limitations on the courts' jurisdiction." *In re Jackson*, 585 B.R. 410, 415 (B.A.P. 6th Cir. 2018). In *Hamer*, the Supreme Court held that Federal Rule of Appellate Procedure 4(a)(5)(C)'s 30-day limit on the length of an extension of time to file a notice of appeal in a civil case is a non-jurisdictional claim-processing rule. 138 S. Ct. at 21. *Hamer* neither referred to 28 U.S.C. § 158(c)(2) or Bankruptcy Rule 8002(a)(1) nor found that Rule 8002(a)(1) is a mandatory claim-processing rule rather than a jurisdictional requirement. Courts that have considered this issue post-*Hamer* have concluded that the 14-day deadline to file a notice of appeal in Rule 8002(a), which is incorporated in § 158(c)(2) by reference, is a jurisdictional requirement. *See In re Wilkins*, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) ("[T]he 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals." (citing *Bowles v. Russel*, 551 U.S. 205, 214 (2007))); *In re Robertson*, 774 F. App'x 453 (10th Cir. 2019) (reaffirming that "Rule 8002(a)(1)'s time limit is jurisdictional"); *In re Jackson*, 585 B.R. 410 (6th Cir. 2018); *In re EHC, LLC*, No. 15 B 40866, 2019 WL 1057201, at \*2 (N.D. Ill. Mar. 6, 2019) ("Because *Hamer* did not address Bankruptcy Rule 8002(a)(1), let alone hold that it is a mandatory claims-processing rule rather than a jurisdictional requirement, this court must follow *Sobczak-Slomczewski*."). The court agrees with the holdings of those courts and concludes that Rule 8002(a)(1)'s 14-day deadline to file a notice of appeal is jurisdictional.

Appellants contend that, even if the 14-day deadline is jurisdictional, their appeal is not untimely. They argue that their time to appeal did not begin to run when the court entered the January 17, 2020 order granting the motion for summary judgment. Instead, they were required

3

to file a notice of appeal within 14 days of the date the bankruptcy court administratively closed the case, which occurred on February 6, 2020. For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). The bankruptcy court's January 17, 2020 order was a complete act of adjudication and disposed of all matters raised by Appellee. There was nothing more for the court to do but administratively close the case. Accordingly, the time to file a notice of appeal began on January 17, 2020, the day the bankruptcy court entered its order granting Appellee's motion for summary judgment.

Finally, Appellants argue that the court should consider the untimely appeal because their failure to file a proper appeal was the result of excusable neglect. There are "no equitable exceptions to a jurisdictional requirement." *Sobczak-Slomczewski*, 826 F.3d at 432 (citing *Bowles*, 551 U.S. at 213). Though Appellants are pro se, "ignorance of settled law is not excusable neglect . . . ." *United States v. Durmont*, 936 F.2d 292, 295 (7th Cir. 1991). The court cannot find excusable neglect for Appellants' failure to timely file their notice of appeal. Appellants did not seek additional time from the bankruptcy court to file their notice of appeal, and this court has no jurisdiction to consider such a request.

Because Appellants did not file a notice of appeal within the 14-day limit, this court does not have jurisdiction over this appeal. Accordingly, Appellee's motion to dismiss (Dkt. No. 2) is **GRANTED**. This appeal is dismissed.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court